Luis Miguel **MARTINEZ IZAGUIRRE,** et al., Petitioners,

v.

John **ASHCROFT, Attorney General,\* Respondent.**

Nos. 02–73561.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.\*\*

Decided Dec. 14, 2004.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rhoda Wilkinson Domingo, Esq., Law Office of Rhoda Domingo, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., William C. Peachey, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM ***

Luis Miguel Martinez–Izaguirre, his wife Judith Martinez, and their son, Luis Enrique Martinez, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") decision denying their application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the IJ's decision for substantial evidence and must uphold it unless the evidence compels a contrary result. *Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000). We deny the petition for review.

Martinez–Izaguirre testified that while serving as an active-duty police officer, he was wounded when Shining Path members attacked a bank he was guarding. After identifying one suspect in court he received several calls which never escalated into actual confrontations or physical injury to himself or others, and which ended months before he left Peru. This testimony does not compel the conclusion that Martinez–Izaguirre was persecuted on account of an enumerated ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177–78 (9th Cir. 2004) (persecution must be on account of a protected ground); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that unfulfilled threats, without more, generally do not constitute past persecution); *Cruz Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir.2000) (holding that persecution because applicant is a police officer performing police duties is not on account of a protected ground).

Consequently, petitioners failed to establish eligibility for asylum, *see Acewicz v. INS*, 984 F.2d 1056, 1061–62 (9th Cir. 1993), or withholding of deportation, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Petitioners' contention that the BIA's summary affirmance procedure violates

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

## PETITION FOR REVIEW DENIED.